J. K. SEEAR (U.S.A.) LTD., a corporation, Appellant,

v.

C. O. JONES & SON INSURANCE AGENCY, a corporation, et al., Respondents.

No. 23488.

Kansas City Court of Appeals.

Missouri.

Feb. 4, 1963.

**641**

Elwyn L. Cady, Jr., Kansas City, for appellant.

John C. Gage and William L. Turner, Gage, Hodges, Moore, Park & Kreamer, Kansas City, for respondents.

SPERRY, Commissioner.

This suit was brought by plaintiff, an agent of Lloyd's of London, to recover ⅓ of the commissions previously paid to defendant C. O. Jones, for insurance premiums produced on turkey insurance sold by defendant for Lloyd's. The amount sought by plaintiff was the sum of $3887.39, representing 5% of all premiums earned by Lloyd's, and ⅓ of all premiums admittedly paid by plaintiff to defendant under the contract. (Originally, another defendant was involved but was dismissed). Trial was to the court and judgment was for defendant. Plaintiff appeals.

Plaintiff was the U. S. representative of Lloyd's of London, which is engaged in the insurance business. Plaintiff contracted with defendant to pay it 15% of all premiums collected by Lloyd's on such turkey insurance business as defendant might pro-

duce and service (supervise claims arising thereon) for Lloyd's. This contract was oral but was, later, set forth in a letter written by plaintiff to defendant, as follows:

"4. Commissions. The commissions to your office on all turkey business will be 15% if you can satisfactorily handle claims supervision. · Should it be necessary to bring another office into the picture to handle claims supervision, your commission would necessarily go to 10%."

Plaintiff's contention and theory is that it paid defendant the 15% agreed on but that defendant failed to properly supervise all claims arising out of policies so issued; that plaintiff, therefore, had the right to a refund of ⅓ of all monies paid to defendant. Plaintiff contends that this is a "contract of judgment", that it has the unrestricted and absolute right to make its own determination as to whether the services rendered were satisfactory, that it may exercise its own judgment as to that question and that such judgment is not subject to review or control by any court or jury. The law, under certain conditions, recognizes and will enforce such contracts. 17 C.J.S. Contracts, Satisfaction of Party, § 495, p. 1006. However, the court properly held this contract, as set forth, not to be of that character, and that it is ambiguous. Parol evidence was admitted to explain it, to ascertain the intention of the parties and the interpretation they placed on it at the time it was entered into.

There was testimony to the effect that between four hundred and five hundred claims arose from various policies; that defendant processed, (ascertained the facts surrounding the claims) all except two of these; that defendant had subcontracted some of this business to another agency and that such other agency collaborated with defendant as to some claims; that it eventually moved its offices to a building occupied by R. B. Jones & Sons, Inc., another insurance agency, and utilized some of that company's facilities in handling this busi-

ness but it did not transfer any business to it, or neglect and abandon it to defendant's responsibility, but continued to perform its obligations under the contract as to these claims.

As to two claims, above mentioned, the evidence is unclear as to their final disposition but there was sufficient evidence to justify the court in believing that said claims were processed to the point where defendant had reasonably discharged its obligation under the contract. There was no substantial evidence tending to prove that either defendant or plaintiff brought in any third office to supervise claims growing out of these turkey policies, a contingency provided for in the contract. There was substantial evidence tending to prove that plaintiff, after the claims had all been processed, expressed satisfaction, and that its manager stated that it claimed no money owing to it from defendant.

The contract must be read and considered as a whole. American Law Institute, Restatement of the Law of Contracts; Sections 235–236. There it is said:

"(c) A writing is interpreted as a whole and all writings forming a part of the same transaction are interpreted together." § 235(c).

"(a) An interpretation which gives a reasonable, lawful and effective meaning to all manifestations of intention is preferred to an interpretation which leaves a part of such manifestations unreasonable, unlawful or of no effect." § 236(a).

"(c) Where there is an inconsistency between general provisions and specific provisions, the specific provisions ordinarily qualify the meaning of the general provisions." § 236(c).

"(d) Where words or other manifestations of intention bear more than one reasonable meaning an interpretation is preferred which operates more strongly against the party from whom they proceed, unless their use by him is prescribed by law." § 236(d).

Considering the law, the evidence, and the record, as a whole, it cannot be said that the judgment is erroneous. It is for the right party and is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.