**Dr. W. O. COWAN, Plaintiff-Appellant,**

**v.**

**Clovis GIBSON, Earl Sears, Melvin Eggerman, Glenn O'Dell, A. G. O'Dell, Jack Gamble and Martin A. Schilling, Members of the Board of Directors of Lockwood Memorial Hospital Association, and Lockwood Memorial Hospital Association, a Non-Profit Corporation, and Lee A. McNeel, Jr., and Harold A. Bauer, Members of the Medical Staff of Lockwood Memorial Hospital Association, Defendants-Respondents.**

**No. 51069.**

Supreme Court of Missouri, Division No. 2.

July 12, 1965.

Husch, Eppenberger, Donohue, Elson & Cornfeld, Martin Schiff, Jr., St. Louis, and Donnelly & Donnelly, Robert T. Donnelly, Lebanon, for plaintiff-appellant.

Robert Stemmons, Mt. Vernon, for respondents.

BARRETT, Commissioner.

The appellant, Dr. W. O. Cowan, was denied reinstatement to the medical staff of the Lockwood Memorial Hospital As-

sociation, the only hospital in Dade County, and, alleging a wrongful conspiracy to exclude him and to injure him in the practice of medicine, sought in this action in two counts actual and punitive damages totaling $350,000 and a declaratory judgment as to his rights and status. The respondents are the hospital, the seven individual members of its board of directors and Dr. Lee A. McNeel, Jr., and Dr. Harold A. Bauer, who together with Dr. Cowan are the only doctors of medicine in the county. And Drs. McNeel and Bauer now comprise the medical staff of the hospital. The trial court sustained the defendants' motion to dismiss both counts of the petition for the reason that they "fail to state facts upon which relief may be granted" and Dr. Cowan has appealed from the final judgment dismissing his action.

■ Dr. Cowan graduated from St. Louis University School of Medicine in 1930 and for 20 years has practiced in Greenfield and surrounding area and treated his patients in and was a member of the staff of the hospital. In 1963, allegedly without just cause or reason, Dr. Cowan's application for reinstatement to the medical staff of the hospital was denied precipitating this action. The hospital is a non-profit, tax-exempt, private institution licensed by the state and, as stated, is the only hospital in Dade County. Since the hospital is a private institution (as contrasted with a governmental agency) and the other respondents comprise its staff and board of directors it is not necessary to further detail its operation and support. Because it is a private hospital "it is generally held that the exclusion of a physician or surgeon from practicing therein is a matter which rests in the discretion of the managing authorities." Annotation 24 A.L.R.2d 850, 852, and the cases there collected, and since the annotation Shulman v. Washington Hospital Center, D.C., 222 F.Supp. 59; Glass v. Doctors Hospital, Inc., 213 Md. 44, 131 A.2d 254; Khoury v. Community Memorial Hospital, Inc., 203

Va. 236, 123 S.E.2d 533. In view of this admittedly applicable general rule the problem upon this appeal is whether, construing the appellant's petition as it must be viewed upon a motion to dismiss (Royster v. Baker, Mo., 365 S.W.2d 496, 500), there are any allegations which would prima facie remove the cause from the operation of the general rule and therefore entitle him to a hearing of the cause upon its merits.

There is no plainer way to present and understand the problem than to quote, in addition to the already noted averments, paragraphs 5, 6 and 7 of count one:

"5. Plaintiff further states that defendants Lee A. McNeel, Jr., and Harold A. Bauer, individually and collectively, and with malice and intent to oppress the plaintiff, have, for the past year and more, deliberately, wrongfully and unlawfully conspired with each other and with the aforesaid members of the Board of Directors, (naming them individually) to dominate the practice of medicine by licensed physicians and surgeons in Dade County, Missouri; to prevent the plaintiff from acquiring membership upon the medical staff of defendant Lockwood Memorial Hospital Association, which said membership is necessary before plaintiff can properly treat his patients anywhere in Dade County; to interfere with the contractual rights between plaintiff and his patients, and to force plaintiff's said patients to discontinue their contractual arrangements with plaintiff and seek the services of defendants in order to obtain proper medical treatment; and to restrain and eliminate, for their own financial advantage and professional enhancement, the element of fair competition in the field of the practice of medicine in Dade County.

"6. In furtherance of the aforesaid conspiracy defendants did, on or about September 4, 1963, deliberately, wrongfully, unlawfully and maliciously, with-

out any just reason, cause, or excuse, deny or cause to be denied plaintiff's written application for reinstatement on the medical staff of defendant Lockwood Memorial Hospital Association.

"7. As a direct and proximate result of defendants' deliberate, wrongful and malicious acts in furtherance of the aforesaid conspiracy, plaintiff's professional name and standing in the community have been slandered, his contractual rights with his patients have been interfered with, his patients have been refused admission to defendant hospital and have been compelled to seek medical services elsewhere, and plaintiff has been deprived of the benefits he otherwise would have received from treating his patients, and effectively deprived of his right to practice his selected profession and calling in Dade County, Missouri."

Summarizing and at the same time omitting reference to irrelevant and wholly conclusionary averments the substance and crux of the charge is that the governing body of the hospital, the board of directors and the two members of its staff, conspired, particularly with the doctors in their individual capacities, to oppress the plaintiff in his profession of medicine, especially to prevent him from acquiring staff privileges, a matter necessary to the successful practice of medicine in that community. It is specifically charged, aside from allegations having to do only with hospital management, that the purpose and effect of the conspiracy was *"to interfere with the contractual rights between plaintiff and his patients, and to force plaintiff's said patients to discontinue their contractual arrangements with plaintiff and seek the services of defendants."* It is repeatedly asserted that in furtherance of and as a result of the conspiracy *"his contractual rights with his patients have been interfered with,* his patients have been refused admission to defendant hospital" and the consequence to the plaintiff has been that he was deprived of the right to practice

medicine and necessarily has sustained actual damages and because the conduct complained of was intentional and malicious he was entitled to punitive damages.

The appeal is not concerned with the proof and merits of any cause of action Dr. Cowan may have (Rosen v. Alside, Inc., Mo., 248 S.W.2d 638) or for that matter with whether a better petition or more fitting petition could be drawn, the problem is whether in their essence the particularly noted allegations transcend and take the appellant's case out of the stated general rule. In the first place as to parties to the action, this is not a suit between the doctor and the hospital or its governing board or staff alone in their hospital character and capacities. Levin v. Sinai Hospital, 186 Md. 174, 46 A.2d 298. The two doctors, Drs. McNeel and Bauer, in addition to their capacity as hospital staff members, are charged individually; it is said that they conspired with the individual members of the hospital board to injure Dr. Cowan all to their financial benefit. Then as to subject matter, vague though it may be in some respects, there is more involved here than the mere charge of a conspiracy plus action by the corporation's governing board (Compare Royster v. Baker, supra) there is here the additional allegation that the two doctors in their personal professional capacities conspired with hospital board members to the end and for the purpose of interfering with Dr. Cowan and his contractual rights with his patients all to their financial advantage—all of which is outside the operation and government of the hospital. All in all, as a matter of substance there is more involved here than the hospital's mere denial of the doctor's application for reinstatement to staff and hospital privileges, it is asserted that he lost these but in addition the allegations in their totality charge the tortious conduct of an improper interference with the plaintiff's business and profession all to his financial loss and to at least the financial benefit of the individual doctors.

Upon allegations not nearly so clearly spelled out Chief Justice Gibson said, "There is an established principle at common law that an action will lie where the right to pursue a lawful business, calling, trade, or occupation is intentionally interfered with either by unlawful means or by means otherwise lawful when there is a lack of sufficient justification. * * * A cause of action is stated under the above principles where, as here, it is alleged that a physician of the highest qualifications is denied access to necessary hospital facilities as a result of a conspiracy designed to restrain competition and deprive him of his practice in order to benefit competing members of the conspiracy. Similar allegations were held to state a cause of action at common law in Tatkin v. Superior Court, 160 Cal.App.2d 745, 754–757, 764–765, 326 P.2d 201." Willis v. Santa Ana Community Hospital Association, 58 Cal. 2d 806, 810, 26 Cal.Rptr. 640, 376 P.2d 568, 570. While the cases did not involve doctors and hospitals the basic principles have long been recognized in this jurisdiction even though there was an insufficient allegation in the one case and a failure of proof in the other—Rosen v. Alside, Inc., supra, and Royster v. Baker, supra. The general rules as set forth in the Rosen case are frequently quoted, often, however, these two concluding sentences are omitted: "A combination for the purpose of causing a breach of contract has been held to be an unlawful conspiracy. A person who by conspiring with another or by collusive agreement with him assists him to violate his contract with a third person and to obtain the benefit of that contract for himself commits an actionable wrong." 248 S.W.2d l. c. 643. These principles were applied in an action for damages "for conspiracy to defraud plaintiff of his $400.-00 earned real estate commission" in Byers Bros. Real Estate & Ins. Agency, Inc. v. Campbell, Mo.App., 353 S.W.2d 102.

■ As stated, the appeal is not concerned with the proof and essential merits of any cause of action the appellant may have, nor is it concerned now with delimiting the issues between the parties or with indicating what evidence may or may not be proper, the only concern here is whether in the language of the respondents' motion to dismiss the petition, "state(s) facts upon which relief may be granted," and as indicated a cause of action is stated and therefore the judgment is reversed and the cause remanded.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.