John **TOLER** et al., Appellants,

v.

**CLARK RURAL ELECTRIC COOPERA-
TIVE CORPORATION** et al.,
Appellees (two cases).

**CLARK RURAL ELECTRIC COOPERA-
TIVE CORPORATION** et al.,
Cross-Appellants,

v.

John **TOLER** et al., Cross-Appellees.

Court of Appeals of Kentucky.

May 31, 1974.

Lyle G. Robey, Stoll, Keenon & Park, Lexington, for appellants and cross-appellees.

Philip P. Ardery, R. Martin Rockwell, Brown, Todd & Heyburn, Louisville, and Alton S. Payne, Winchester, for appellees and cross-appellants.

GARDNER, Commissioner.

At an annual meeting of the members of the Clark Rural Electric Cooperative Corporation an election for three directors was held but the election was set aside by the circuit court as a result of a suit instituted by appellants. Subsequently, at a special meeting of the members, three directors, Vandetta Derickson, Jack Ginter and William Everman, referred to as "management" candidates, were elected. The trial court was of the opinion that the proxies used by both sides were valid and decided that the management candidates, having received the most votes, were elected. The opposition candidates appeal and the management candidates cross-appeal. The opposition candidates also filed a separate ap-

peal from the order denying an attorney's fee.

The form of the proxies used in behalf of the management candidates was as follows:

"CLARK RECC PROXY FOR SPECIAL MEMBER-SHIP MEETING February 10, 1973

The undersigned hereby appoints E. E. Curry, John P. Greenwade, Jr., and S. M. Malo'...y, and each of them with full power of substitution to attend a Special Membership Meeting to be held at the George Rogers Clark High School at 1:30 P.M. on the 10th day of February, 1973, with authority to vote for the following directors: Mrs. Vandetta Derickson, Jack Ginter, and William Everman. And on such other business if any that may properly come before the meeting.

Dated _____

_____ "
            Name of Member

The form of the designation of the substitute was as follows:

"I hereby designate _____ by way of substitution to vote the attached Proxy.
_____  _____ "
  date

The form of the proxies used in behalf of the opposition candidates was as follows:

"CLARK RURAL ELECTRIC COOPERATIVE COR-PORATION SPECIAL MEMBERSHIP MEETING FEBRUARY 10, 1973

PROXY

STATE OF KENTUCKY
COUNTY OF ..................

Know all men by these presents:

That I, .............. of the state and county aforesaid, do hereby constitute and appoint .... .......... my attorney and substitute, for me and in my name, place and stead, to vote as my proxy at the Special Membership meeting of members of the Clark Rural Electric Cooperative Corporation to be held at the George Rogers Clark High School, Winchester, Ky., on the 10th day of February, 1973, and any adjournment or adjournments thereof, for the election of directors and upon such other questions as may properly come before such meeting, according to the number of votes I should be entitled to cast if then and there personally present.

In Witness Whereof, I have hereunto set my hand this .............., 1973.

.......................
....................... "
      Witness

Over 600 members signed the management proxies and those named in the prox-

ies signed many designations in blank, the substitutes' names being inserted later. The opposition proxies were signed by the members with the name。 of the ones to cast the votes also left blank, which blanks were filled in later. The opposition candidates, appellants, contend that the proxy voting for the management candidates was invalid because it violated Article II, Section 6, of the bylaws, where it was provided that "No person shall vote as proxy for more than three (3) members at any meeting of the members * * *." They argue that the named persons in the proxies were precluded from casting votes for more than three members and that they should not be permitted to subvert the bylaws by naming substitutes and thereby accomplishing the same result. Appellees insist that no person did vote as proxy for more than three members and there was no violation of the bylaws.

The relationship of a corporation and its shareholders is contractual and the articles and bylaws are part of the contract. 18 Am.Jur.2d, Corporations § 481. The articles and bylaws should be construed as any other contract. 18 Am.Jur. 2d, Corporations § 168. The section of the bylaws referred to is not ambiguous and the court is not at liberty to speculate as to what those adopting the bylaws might have intended. Mounts v. Roberts, Ky., 388 S. W.2d 117 (1965); McMahan v. Hunsinger, Ky., 375 S.W.2d 820 (1964). The bylaws did not preclude a person named in the proxy from designating substitutes to vote for various members. If it was intended that such procedure not be permitted, the bylaws should have clearly expressed such intention.

Appellants also have appealed from an order denying an attorney's fee. They claim they were entitled to a fee because they were successful in obtaining a summary judgment setting aside the first election. While some jurisdictions require only a substantial benefit to the corporation for an attorney's fee to be taxed against the

corporation, this court has held that a pecuniary benefit is a prerequisite to recovery of an attorney's fee. We think Burley Tobacco Co. v. Vest, 165 Ky. 762, 178 S. W. 1102 (1915), is dispositive of the issue. There, in speaking of an attorney's fee, the court said: "As a result of the litigation, money or property must be recovered for the corporation, or a fund brought into or under the control of the court, belonging to the corporation, for administration or distribution."

The judgment is affirmed on the appeal and on the cross-appeal. The order denying the attorney's fee is affirmed.

All concur.