STATE of Missouri, ex rel. Paul A. RICKER, Relator-Appellant,

v.

TRENTON JUNIOR COLLEGE BOARD OF TRUSTEES, et al., Respondents.

No. WD32025.

Missouri Court of Appeals, Western District.

Sept. 29, 1981.

William F. Burns, Matthew Koch, Independence, for relator-appellant.

Cleaveland, Macoubrie, Lewis & Cox, Kenneth R. Lewis, Chillicothe, for respondents.

Before MANFORD, P. J., and DIXON, and NUGENT, JJ.

DIXON, Judge.

Relator Paul A. Ricker appeals the trial court's denial of a writ of mandamus. Ricker sought mandamus against the respondent Trenton Junior College Board of Trustees to require the Board to employ relator as President of the Trenton Junior College.

The issue is the propriety of mandamus under the facts presented.

Ricker has been employed by the Trenton Junior College Board of Trustees and the Board of Directors of the Trenton, Missouri School District since July, 1975, as Superintendent of Schools and President of Trenton Junior College. He served solely as President of Trenton Junior College for the 1979–1980 school year with an annual salary of $32,500.

The Board of Trustees voted at the January 22, 1980 meeting to re-employ appellant for the following school year. It is disputed whether the board voted to re-employ him merely as an administrator or as President of Trenton Junior College. No salary for the following year was set at that time. At the February, 1980 meeting, the board voted to employ the present administrators for the 1980–1981 school year at no increase in salary.

The dispute centers around whether the board included Ricker in its decision to re-hire the administrators. The minutes of the January meeting, as recorded by Ricker in his role as President of the College, state, "It was moved by Bill Shockey and seconded by Ron Dougan to employ Paul Ricker as President of Trenton Junior College for 1980 and '81. Five votes were cast in favor and none opposed." The February minutes state, "Mark Whitaker moved and Scott Forman seconded to employ the present administrators for the 1980–81 [year] at no increase in salary, Gene Porter, M. R. Dennis, William Ausmus and Paul Ricker. Six votes were cast in favor and none opposed." Both minute entries were regularly approved by the board at the following monthly meetings. There was testimony that Ricker's name was not included in the discussion at the February meeting to re-hire the administrators and that the minutes of the February meeting were incorrect.

Ricker was presented with a contract in April, 1980, for employment for the 1980–1981 year which was silent as to the proposed position and salary. Ricker refused to sign the contract and responded in a letter of 4/15/80 that he would sign it when the missing terms were supplied. Respondents tendered a contract on April 22, 1980 offering appellant a position as Dean of the Trenton Junior College at an annual salary of $25,000. Ricker did not accept the offered contract as Dean and specifically rejected its terms. Ricker petitioned the Grundy County Circuit Court on June 17, 1980, for a writ of mandamus to command the Board to employ Ricker at an annual salary of $32,500 from July, 1980—July, 1981.

Ricker concedes as he must that § 432.070 RSMo 1978 requires that any contract for his employment must be in writing. Laying aside the disputes of the parties concerning the authenticity and accuracy of the minutes, as well as the testimony concerning the meaning of the minutes, Ricker does not in this proceeding demonstrate a valid and enforceable contract in writing. Even if the minutes of the Febru-

ary meeting were an offer of employment at the existing salary, which the Board vigorously contests, Ricker was apparently uncertain as to the terms, and did not attempt to accept the "offer" contained in the minutes. Ricker's letter to the Board was an exhibit at trial but has not been filed here. Ricker in his testimony said he did not "accept" the tendered April contract because it did not state the salary. He further testified that there had never been a contract offered and accepted by him in accordance with the minutes as he views them. There is simply no written contract. The writ should issue only when the party requesting the relief has a clear and unequivocal right to the relief requested. *State ex rel. Commissioners of State Tax Commission v. Schneider*, 609 S.W.2d 149, 151 (Mo. banc 1980); *State ex rel. Sprague v. City of St. Joseph*, 549 S.W.2d 873, 879 (Mo. banc 1977). The function of mandamus is to enforce a clear and plain duty, not to adjudicate the mutual claims between the parties. *State ex rel. Standefer v. England*, 328 S.W.2d 732, 737 (Mo.App.1959); *State ex rel. Walton v. Miller*, 297 S.W.2d 611, 615 (Mo.App.1956). It is not an appropriate remedy to enforce purely contractual rights or to compel enforcement of an executory contract. *State ex rel. Porter v. Hudson*, 226 Mo. 239, 126 S.W. 733, 740 (1910); *State ex rel. Cook v. Kelly*, 142 S.W.2d 1091, 1094 (Mo.App.1940).

On appeal, Ricker has attempted to inject a theory of a right to employment based on § 168.101 RSMo 1978. Such a theory was not presented to the trial court and is not here considered or ruled. A theory of recovery presented for the first time on appeal comes too late. *Sydney v. Coca-Cola Company*, 569 S.W.2d 11 (Mo. App.1978).

The action of the trial court is affirmed.

All concur.