William R. RICHARDSON, M.D.,
Plaintiff-Respondent,

v.

ST. JOHN'S MERCY HOSPITAL,
Defendant-Appellant.

No. 47632.

Missouri Court of Appeals,
Eastern District,
Division One.

June 12, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

John R. O'Connor, Washington, Edward K. Fehlig, Clayton, for defendant-appellant.

Steven P. Kuenzel, Washington, for plaintiff-respondent.

Lori J. Levine, Gerald M. Sill, Jefferson City, for amicus curiae.

DONALD L. MANFORD, Special Judge.

This is a direct appeal from a judgment in the form of an order enjoining appellant-hospital from restricting respondent's privi-

leges regarding major surgery. The judgment is reversed.

Respondent, William R. Richardson, M.D. (hereinafter Dr. Richardson) is a physician with staff privileges with appellant, St. John's Mercy Hospital (hereinafter St. John's), which is located in Washington, Missouri. St. John's is a private not-for-profit corporation, which receives substantial public money, including Hill-Burton funds and other private donations.

On June 3, 1983, St. John's required Dr. Richardson to have preoperative consultation and intraoperative assistance on all major abdominal cases. Dr. Richardson filed this action in the Gasconade County Circuit Court, which in turn issued an injunction permanently enjoining St. John's from restraining the doctor's surgical privileges. St. John's then presented this appeal.

The substantive issues surrounding the decision reached by St. John's which ultimately led to this appeal are neither reached nor ruled in this opinion because of the threshold issue which is taken up and ruled. This threshold issue is whether the circuit court had jurisdiction to review the administrative decision of St. John's to restrict the surgical privileges of Dr. Richardson.

This court holds that the circuit court was without jurisdiction to hear the petition of Dr. Richardson and to enjoin St. John's.

■ It has been generally held in Missouri that the exclusion of a physician or surgeon from practicing in a private hospital is a matter which rests in the discretion of the managing authorities. *Cowan v. Gibson,* 392 S.W.2d 307, 308 (Mo.1965); *Dillard v. Rowland,* 520 S.W.2d 81, 92 (Mo.App.1974). *Cowan* and *Dillard,* however, do not entirely dispose of the instant case. *Cowan* states the general rule but goes on to explain an exception to it and allows a physician to sue *other physicians* for conspiracy. *Cowan,* unlike the instant case, involved a doctor suing another doctor and it did *not* involve a suit by a doctor

against a hospital. Nor was the issue decided in *Dillard,* which involved a suit against a hospital which operated under a charitable public trust. The court in *Dillard* stated that "[i]f Barnes is to be considered a private hospital, which it would *seem* to be, the law is clear that the exclusion of a physician or surgeon from practicing in such a hospital is a matter which rests in the discretion of the managing authorities." *Dillard* at 92 (emphasis added). The court goes on to say that *if* because of public funding and government regulation they *were* to conclude that the hospital was of a public nature, then the plaintiff might have standing to invoke the due process requirements of the Fourteenth Amendment. However, that issue did not have to be decided since plaintiff in that case had declined the hearing on his claim, and whatever rights to due process he *might* have had were deemed to be waived.

■ An Eighth Circuit case, *Briscoe v. Bock,* 540 F.2d 392 (8th Cir.1976), involves facts very similar to the instant case. *Briscoe* involved a suit against Deaconess Hospital, a private hospital in St. Louis, Missouri. Deaconess is a Missouri non-profit corporation, it is tax exempt, subject to extensive state regulation, as are all private hospitals in the state, and it receives substantial funds from the Hill-Burton Act. *Id.* at 394. The Eighth Circuit held that the private hospital's dismissal of a physician did *not* constitute state action under 42 U.S.C.A. § 1983.

■ The court in *Briscoe* first states that the administrators of *public* hospitals, when dealing with their staff, must conform to the requirements of the Fourteenth Amendment. However, the court points out that they are dealing with a *private* and not a public hospital. The court recognizes an earlier case, *Klinge v. Lutheran Charities Association,* 523 F.2d 56 (8th Cir.1975), in which the Eighth Circuit had a similar set of facts, but states that in *Klinge,* no claim was made that the action of the hospital in dismissing the plaintiff physician was not state action, and the

court decided that case without passing on the jurisdictional issue. However, the court recognized in *Briscoe* that the issue of jurisdiction should be decided definitively.

 *Briscoe* bases its decision of lack of jurisdiction on the United States Supreme Court case, *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974), and states that *Jackson* makes it clear that an action taken by a private corporation is not necessarily or automatically "state action" merely because the corporation is chartered by the state, or because the activities of the corporation are strictly regulated by the state, or because the functions performed by the corporation serve the public convenience and necessity. *Briscoe* at 395. The *test*, as set forth in *Jackson* is that before the action can be properly characterized as state action, there must be a "sufficiently close nexus between the State and the action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson*, 419 U.S. at 358–59, 95 S.Ct. at 457. *Briscoe* holds that in that case, there is *nothing* to indicate that there was any connection between the plaintiff's dismissal from the hospital staff, and the fact that the Hospital had received Hill-Burton funds or other public funds, or the fact that the Hospital has a tax exempt status, or the fact that the Hospital was subject to state regulation. Hence, no state action was found for want of a sufficient nexus. The Eighth Circuit notes that the view they take is in accord with the view taken by sister circuits, other than the Fourth Circuit. Research has shown that the Fourth Circuit is now also in accord in the case of *Modaber v. Culpepper Memorial Hospital, Inc.*, 674 F.2d 1023 (4th Cir.1982).

There is nothing within the instant case which takes it outside the rules announced in *Jackson, Briscoe, Cowan*, and *Dillard*, and it is found that those decisions are both persuasive and controlling.

It should be noted that this opinion addresses only the question of jurisdiction of our courts relative to administrative determinations by private chartered corporations and does not address public corporations and the right to judicial review of administrative determinations, nor does it take up or rule whether respondent, Dr. Richardson, has and may pursue an alternative means of recovery.

Judgment reversed.

SNYDER, P.J., and STEWART, J., concur.