**STATE of Missouri, ex rel. ST. JOSEPH HOSPITAL, Relator,**

v.

**The Honorable Gary A. FENNER, Judge of the Circuit Court of Buchanan County, Missouri, Respondent.**

**No. WD 38680.**

Missouri Court of Appeals, Western District.

Jan. 20, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1987.

Application to Transfer Denied April 14, 1987.

Thomas G. Kokoruda, Kansas City, for relator.

John C. Milholland, Harrisonville, for respondent.

**ORIGINAL PROCEEDING IN PROHIBITION, THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI**

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

GAITAN, Judge.

This is an original proceeding in prohibition wherein relator alleges that the respondent may exceed its jurisdiction by failing to dismiss the amended petition in mandamus of Dr. Willman (plaintiff).

This case is before this Court for the third time. In the original petition for mandamus, Dr. Willman alleged that St. Joseph Hospital (relator) denied him his right to admit and attend patients in relator's hospital. Dr. Willman prayed a writ of mandamus be issued compelling the hospital to reinstate his former medical staff membership and clinical privileges. The facts have not substantially changed since the original action. Dr. Willman amended his action in mandamus to include additional by-law provisions of relator which he believes supports a bilateral contract between him and relator. In Dr. Willman's opinion, the bilateral contract provides him an unconditional legal right which serves as the basis for his action in mandamus. We disagree.

In the original action, the trial court rendered judgment in favor of Dr. Willman's mandamus action and relator appealed. This Court denied Dr. Willman's mandamus action in *State Ex Rel. Willman v. St. Joseph Hosp.*, 684 S.W.2d 408, 412 (Mo. App.1984) or *Willman I*. Accordingly, the judgment of the trial court was reversed with directions for the trial court to quash its peremptory writ of mandamus.

Whereupon the trial court dismissed the petition for failure to state a claim and denied plaintiff leave to amend. Dr. Willman appealed that decision leading us to *State Ex Rel. Willman v. St. Joseph Hospital*, 707 S.W.2d 828, 833 (Mo.App.1986) or *Willman II*. In *Willman II*, this Court reviewed its analysis of the merits of *Willman I* at pages 831–833 and we direct the readers' attention to those pages for that analysis. However, in *Willman II* at page 833, this Court once again affirmed the dismissal of the petition on mandamus. This Court specifically held at page 833:

In *Willman I* we reversed the case with a general remand so that the doctor would be able to amend. *See Yamnitz v. Polytech, Inc.*, 586 S.W.2d 76, 83 (Mo. App.1979); *Kestner v. Jakobe*, 446 S.W.2d 188, 196 (Mo.App.1969). In his judgment entry of May 1, 1985, Judge Fenner found both that the petition failed to state a claim and that under *Richardson* he lacked jurisdiction to proceed further. Although he recognized that the doctor filed the motion for leave to amend, he did not specifically deny the motion. Apparently, the judge did not deny the doctor's motion to amend because he thought the motion untimely but denied it on jurisdictional grounds. The trial court dismissed Dr. Willman's first petition with prejudice, therefore, res judicata would bar him from filing a new action against the hospital on the basis of the same facts. Since we are affirming the trial court's dismissal of the petition, justice requires that we allow Dr. Willman to file an amended petition.

For the foregoing reasons, we affirm that part of the trial court's judgment that dismisses the petition for failure to state a claim and reverse the part that denied leave to file an amended petition.

We remand the case with directions to the trial court to permit Dr. Willman to file an amended petition.

Again, the facts set forth in Dr. Willman's amended petition provide no substantial deviation from the earlier evidence submitted to this Court to support his petition in mandamus.

Notwithstanding additional factual presentation by Dr. Willman, here, the dispute between these parties involves the interpretation of hospital by-laws. Under the facts of this case which are basically undisputed, the disagreement between the parties may not be the subject of a mandamus action. *Willman II* did confirm the adjudication on the merits regarding the mandamus action. Contrary to the position of the respondent, *Willman II* merely gave Dr. Willman an opportunity to amend his petition setting forth a different cause of action. It is clear from *Willman I and II* that mandamus is not the appropriate relief for what may be, at best, a contractual dispute between Dr. Willman and St. Joseph Hospital.

██ Mandamus is not an available remedy to obtain relief for an alleged breach of contract. *State v. Kelly*, 142 S.W.2d 1091, 1094 (Mo.App.1940); *State ex rel. Ricker v. Trenton Junior College Board of Trustees*, 622 S.W.2d 787, 789 (Mo.App.1981).

██ Mandamus is a remedy designed to enforce, not establish, a right. *State ex rel. Power Process v. Dalton*, 681 S.W.2d 514, 516 (Mo.App.1984). In order to warrant control by mandamus there must be an existing, clear, unconditional legal right in the relator, and a corresponding present, imperative, unconditional duty on respondent. *State ex rel. Sayad v. Zych*, 642 S.W.2d 907, 911 (Mo. banc 1982); *State ex rel. Power Process v. Dalton*, 681 S.W.2d 514, 516 (Mo.App.1984); *State ex rel. Belle Starr Saloon v. Patterson*, 659 S.W.2d 789, 790 (Mo.App.1983). Dr. Willman's Amended Petition in Mandamus does not allege a clear legal right to clinical privileges at the Hospital. Missouri courts have held that, far from being an unconditional right, the privilege to practice in a hospital is a matter resting in the discretion of the managing authorities. *Richardson v. St. John's Mercy Hospital*, 674 S.W.2d 200, 201 (Mo.App.1984). Even accepting all allegations of Dr. Willman's amended petition as true, at most it alleges a contractual relationship and expectancy of future privileges. Such allegations do not support the use of mandamus.

Accordingly, this Court's Preliminary Order in Prohibition is made absolute.

It is so ordered.

LOWENSTEIN, P.J., concurs.

MANFORD, J., concurs in separate opinion.

MANFORD, Judge, concurring.

I concur in both the result reached and the analysis applied to that result.

It is unfortunate that the parties were put to the chore of bringing this matter before this court a third time. That was occasioned by the failure of this court to finalize the matter under *State ex rel. Willman v. St. Joseph Hospital*, 684 S.W.2d 408 (Mo.App.1984) (*Willman I*). The problem was further compounded by this court when it failed to finalize the matter under *State ex rel. Willman v. St. Joseph Hospital*, 707 S.W.2d 828 (Mo.App.1986) (*Willman II*). I tried, by my dissent in *Willman II*, to point out that very fact, but alas, my pleas fell upon the deaf ears of my learned brethren and those same pleas went unheeded. Thus, the parties were again caused to bring this matter before the courts.

The action taken herein brings the matter to a final conclusion upon the issue that a claim for breach of contract cannot be presented by a petition for writ of mandamus. In addition, hopefully, everyone will now realize that the claim Dr. Willman is subject to the rule announced in *Richardson v. St. John's Mercy Hospital*, 674 S.W.2d 200, 201 (Mo.App.1984) as was noted in my earlier dissent.