**William R. ROYSTER, Appellant,**

v.

**Glen S. BAKER, Harold R. Dinges, Wallace G. McDowell, John T. Pierson, J. T. Edwards, Tom Van Hoozer, The Baltimore Bank, a corporation, and J. C. Dennis, Respondents.**

No. 49594.

Supreme Court of Missouri,

Division No. 2.

March 11, 1963.

Richard P. Sprinkle, Paul C. Sprinkle, Sprinkle, Carter, Sprinkle & Larson, Kansas City, for appellant.

Ilus W. Davis, James J. McGannon, Dietrich, Tyler, Davis, Burrell & Dicus, Kansas City, for respondents.

STOCKARD, Commissioner.

Plaintiff has appealed from a judgment dismissing his first amended petition wherein he sought damages in the amount of $200,000 for civil conspiracy.

We shall set out in considerable detail the allegations of the petition, and will quote those portions which have a particular bearing on the issue of whether the petition states a cause of action. "Several years ago" plaintiff, his brother (not named), and J. C. Dennis (one of the defendants) secured a location in northwest Missouri for

a hunting club. Plaintiff personally "gave large amounts of his time and his own money and secured materials and services for the erection of a club house and other structures." The hunting club was incorporated under "the non-profit corporation statute of Missouri," and plaintiff, his brother and J. C. Dennis were the "permanent acting managing trustees of said hunting club which was then known as the Bigelow Hunting Club." At their solicitation defendants Glen S. Baker, Harold R. Dinges, Wallace G. McDowell, John T. Pierson, J. T. Edwards, Tom Van Hoozer, the Baltimore Bank, and J. C. Dennis (the latter was already a member of the club), were "permitted to join as members of the hunting club," all of whom stated that "they were perfectly satisfied with the hunting club as it was operated and joined as members unsolicited." Shortly after the defendants were "permitted to join * * * each of them individually and jointly and through their personal attorney (not named) began to recommend that the hunting club be reincorporated under the business statutes of Missouri." All the defendants "represented * * * that they were perfectly willing to place in trust one-half of their stock interest in said club under the control of the plaintiff, his brother and J. C. Dennis so that the management of the new corporation would remain as it had been in the past," and defendants "represented" to plaintiff "that this arrangement would be a better business arrangement." As soon as "this was done" the defendants "first denied any knowledge of an agreement to place their stock in the hands of trustees and denied any such arrangement, and stated that they intended to take over said hunting club and oust the plaintiff as managing trustee," and "to that end" J. C. Dennis "entered into the conspiracy with the others" and "the attorney representing the defendants joined with them." "Although the defendants had full knowledge of the interest the plaintiff had (not further defined) in said gun club, which greatly exceeded their interest (also not defined), yet they informed the plaintiff that they intend-

ed to take over the club without taking into consideration the superior right and interest of plaintiff," and "this conduct was a conspiracy on the part of all of the defendants to unlawfully deprive the plaintiff of his interest in said club and take over his interest to the benefit of the defendants." "As stockholders in said club," the defendants "conspired to deny any agreement by which the plaintiff and others were to control the club as it had been in the past;" the "representations of the defendants with respect to the forming of a new corporation" were "unlawful" and the conspiracies of the defendants were to remove and eliminate the plaintiff from his management and ownership and interest in said club and to acquire "that valuable interest" for the defendants; and "the representations to him for the purpose of forming the business corporation were false, unlawful and the result of conspiracy between the defendants and each of them." Plaintiff also alleges that "in operating the club he incurred expenses (the amount or circumstances not being alleged) which the defendants refuse to pay and which he was caused to pay personally;" that the defendants refused "to improve the club, take care of the taxes, or to in any way finance the loan upon the club;" and that "one of the defendants (not identified) conspired with the others, agreed to procure a loan upon the club and then declare the same a default and refused to permit the loan to be paid off," and by that means "sought" to gain control of the club and force the plaintiff out of the club and to eliminate his financial interest in the same.

■ Defendants filed a motion to dismiss the petition because (1) it failed to state a claim upon which relief can be granted, (2) plaintiff's claim, if any, should have been asserted as a compulsory counterclaim in a case pending in the same court at the time the petition was filed entitled Glen S. Baker et al. v. William R. Royster et al., No. 632,141, and (3) the "orders" of the court in Case No. 632,141 constituted a determination of all the issues raised in

plaintiff's petition and were res judicata as to the pending case. The pleadings and judgment of the court in Case No. 632,141 were attached as exhibits to the motion to dismiss. The trial court dismissed the petition "for the reasons stated in the motion." On this appeal plaintiff assigned as error the action of the trial court in dismissing the petition "on the theory it was compulsory that the [plaintiff] file a counterclaim" in Case No. 632,141. No error was assigned as to the other two reasons relied on by the trial court for dismissing the petition. Defendants then filed a motion in this court to dismiss the appeal because "it does not address itself to all the grounds * * * which * * * were the basis for the trial court's order of dismissal from which appellant here appeals." This court ordered that the motion to dismiss be taken with the case. Thereafter, defendants filed their brief as respondents and. briefed all three of the reasons advanced by the trial court in sustaining the motion to dismiss the petition. Plaintiff then filed a "reply brief" in which he purports to reply to defendants' answer to his principal brief, and in which he also purports to assert that the other two reasons relied on by the trial court in dismissing his petition were erroneous. This presents the interesting situation where the judgment of the trial court is to be affirmed if it was correct as to any one of the three reasons assigned for dismissing the petition, but in his principal brief as appellant plaintiff challenged as erroneous only one of those reasons. The respondent in an appeal does not have the burden to establish the correctness of the judgment from which the appeal is taken, Lakin v. Postal Life & Casualty Insurance Company, Mo., 316 S.W.2d 542, 549, 70 A.L.R.2d 564, and assignments of error first set forth by an appellant in a reply brief do not present an issue for appellate review. Berghorn v. Reorganized School Dist. No. 8, Franklin County, 364 Mo. 121, 260 S.W.2d 573. However, the entire matter is now before us, although presented in an improper manner, and if the trial court was correct in dismissing the petition for any one of the three reasons advanced by it for its action it is not necessary to consider the other two. Our review establishes that the petition properly was dismissed because it failed to state a claim upon which relief can be granted. We shall now set forth the basis for that conclusion.

A civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act, or to use unlawful means to do an act which otherwise would be lawful. Rosen v. Alside, Inc., Mo., 248 S.W.2d 638, 643; Byers Bros. Real Estate & Insurance Agency, Inc. v. Campbell, Mo.App., 353 S.W.2d 102, 105. "Strictly speaking, there has been no distinct form of writ or action of conspiracy; but the action sounds in tort, and is of the nature of an action on the case upon the wrong done under the conspiracy alleged. 11 Am.Jur., Conspiracy, § 53, p. 584; 15 C.J.S. Conspiracy, § 21, pp. 1031–1033. The gist of the action is not the conspiracy, but the wrong done by acts in furtherance of the conspiracy or concerted design resulting in damage to plaintiff. Shaltupsky v. Brown Shoe Co., supra [350 Mo. 831, 168 S.W.2d 1083]; Medich v. Stippec, 335 Mo. 796, 73 S.W.2d 998; Seegers v. Marx & Haas Clothing Co., supra [334 Mo. 632, 66 S.W.2d 526]; Kansas City v. Rathford, 353 Mo. 1130, 186 S.W.2d 570." Rosen v. Alside, Inc., supra. In the Seegers case, supra, it was stated that the "only purpose in charging the conspiracy is to make the defendants responsible for the acts done by each other in pursuance of the common design," and that "in order to state a cause of action for an unlawful conspiracy, the petition must not only allege that defendants conspired and agreed to do an unlawful act, but it must also allege that in pursuance of the conspiracy defendants did some unlawful act or acts which resulted in damages to the plaintiff." This basic and essential feature of a cause of action for civil conspiracy was clearly set forth in Darrow v. Briggs, 261 Mo. 244, 169 S.W. 118, in quoting from Hunt v. Simonds, 19 Mo. 583, as follows: " '[T]he conclusion

would seem to be unavoidable that the action can only be sustained against several, where the acts complained of would sustain an action against one of the defendants; in other words, that the number of the defendants sued, and *the allegation that they conspired together, do not authorize the plaintiff to maintain his action, when he could not maintain it against one defendant, if sued alone.'*" See also McCarty v. Hemker, Mo.App., 4 S.W.2d 1088, and the excellent discussion there of the essential requisites to plead a cause of action for civil conspiracy. It is thus evident that an alleged conspiracy by or agreement between the defendants is not of itself actionable. Some wrongful act to the plaintiff's damage must have been done by one or more of the defendants, and the fact of a conspiracy merely bears on the liability of the various defendants as joint tort-feasors.

█ In determining the sufficiency of a petition to state a claim upon which relief can be granted, the averments are to be given a liberal construction and the petition accorded those reasonable inferences fairly indulged from the facts stated. Zuber v. Clarkson Const. Co., 363 Mo. 352, 251 S.W. 2d 52, 54. However, "The conclusions of the pleader are not to be considered in determining whether plaintiffs have stated a cause of action, * * * because the averment of a legal conclusion is not a statement of an issuable fact and is to be treated as no statement at all." Goodson v. City of Ferguson, Mo., 339 S.W.2d 841. The "grounds or gravamen" of an action for civil conspiracy "must be set out with the same certainty and particularity as in an ordinary civil action, against a single defendant only, growing out of tortious conduct of the same general character." McCarty v. Hemker, Mo.App., 4 S.W.2d 1088, 1089, 1092. When we so consider the petition in this case, we find that plaintiff has alleged that at defendant's request they were permitted to join the hunting club; that they stated that they were satisfied with the management of the club but they represented that it would be better to change the

corporate structure and that they were willing to place one-half of their stock in trust under the control of plaintiff; that after the reorganization they denied any knowledge of an agreement to place their stock in trust and they announced that they intended to take over the management of the corporation. In addition to what plaintiff has alleged, it is also important to note what he has not alleged. There is no allegation that an agreement was entered into that the stock of defendants would be placed in trust subject to plaintiff's control, or that plaintiff relied to his disadvantage on the representations of defendants. There is no allegation that defendants, or any of them, did any illegal or wrongful act in their efforts to obtain control of the club or to change its management. Neither is there any allegation that defendants' ownership or interest in the corporation was such that they were not entitled to control or change its policies or make a change in the management personnel of the corporation.

█ It is not wrongful for the stockholders of a corporation, who control or own a majority of the stock, to agree among themselves to vote their stock a certain way and to change the management of the corporation or its methods of doing business as long as their conduct does not violate the laws of the state, the charter or bylaws of the corporation, or infringe upon contractual or other rights of others. No facts are alleged from which it can be determined that the defendants acted wrongfully in any of these respects. When we give every allegation properly made in the petition its most liberal construction favorable to plaintiff, the petition does no more than allege that the defendants agreed, or if the term is preferred, conspired, to accomplish lawful acts in a lawful manner. It may be that in doing this the management and policies of the corporation have been or will be changed, but that does not result in a minority stockholder who disagrees with the action of the majority having a cause of action against the members of the majority for civil conspiracy.

We have encountered some difficulty in determining the precise theory of plaintiff's petition. If we understand the argument correctly we perhaps find a clue in his brief. He there asserts that in the petition he "alleges damages because he is by conspiracy at sometime in the future to be deprived of a financial business interest." He then states that "The action filed by the respondents and others (referring to Case No. 632,-141) would amount to depriving him of that interest," but that "at the time the suit was filed by the respondents and others against the appellant and others the wrong had not yet been done." This argument is directed to the contention that the subject of the pending suit was not required to have asserted as a counterclaim in Case No. 632,141 because it is not necessary to file a counterclaim "for something which has not yet occurred." It thus seems to be plaintiff's contention that the defendants "conspired" to deprive him of his interest in the corporation, and to accomplish the purpose of that conspiracy they filed a suit against him and others, referring to Case No. 632,141. His position is that if they are successful in that suit he will be damaged, and for that reason he is entitled at this time to sue the defendants in a separate action for that conspiracy. The answer to this is that if the defendants are wrong as to their right to relief in Case No. 632,141, the court will so hold and plaintiff will not be damaged. If they are correct as to their right to relief and prevail in that action, while plaintiff may lose something to defendants, the defendants would not acquire anything wrongfully. It goes without comment or discussion that plaintiffs who join together to assert in a court a joint cause of action, and are successful, are not thereby subject to suit by the defendant for civil conspiracy.

The trial court properly dismissed the petition for failing to state a cause of action for civil conspiracy. We need not rule the sufficiency or correctness of the other two reasons relied on by the trial court dismissing the petition.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.