**Charles L. BOCKOVER, Sr., et ux.,
Plaintiffs-Appellants,**

v.

**Gilbert Nicholas STEMMERMAN, Liberty Mutual Insurance Company and Greg Thomson, Defendants-Respondents.**

**No. WD 36899.**

Missouri Court of Appeals,
Western District.

Jan. 28, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
March 27, 1986.

Application to Transfer Denied
May 13, 1986.

Robert L. Shirkey, James M. Slone, Kansas City, for plaintiffs-appellants.

Gene C. Morris, William G. Beck, Field, Gentry, Benjamin & Robertson, Kansas City, for defendants-respondents.

Before TURNAGE, P.J., and DIXON and LOWENSTEIN, JJ.

TURNAGE, Presiding Judge.

Charles Bockover and his wife, Vicki, filed suit against Gilbert Stemmerman for personal injuries sustained by Charles in an automobile accident involving Stemmerman's trailer. The jury returned a verdict in the amount of $101,800 for Charles and $5,000 for Vicki. The court sustained Stemmerman's motion for a new trial on the grounds of error in giving the verdict directing instructions on behalf of the Bockovers.

The Bockovers contend that the instructions were proper and that the court erred in dismissing several counts of their petition. Affirmed.

Charles was driving a tractor-trailer on I-35 near Cameron, Missouri when a horse trailer towed by Stemmerman's vehicle came loose, crossed over the median and struck Charles' tractor. Charles and Vicki originally filed suit in five counts. Counts I and II sought damages against Stemmerman for Charles' injury and Vicki's loss of consortium. Count III sought damages against Liberty Mutual Insurance Company, its adjuster, Thomson, and Stemmerman for fraudulent representation by Thomson which allegedly induced Charles and Vicki to sign a release. Count IV asserted Liberty Mutual, Thomson, and Stemmerman had conspired to make fraudulent representations and thereby induce the Bockovers to sign a release. Count V was for outrageous conduct in the commission of the fraud which allegedly induced the Bockovers to sign a release. The court on motion dismissed Counts III, IV and V for failure to state claims upon which relief can be granted.

Thereafter, the Bockovers filed an amended petition which simply alleged the accident, resulting injuries, and damages.[1] The answer pled the release as an affirmative defense. In their reply the Bockovers sought to avoid the release on the ground that it had been obtained by fraud. At the trial Charles and Vicki both testified they signed a release but stated they did so only because Thomson represented that Stemmerman's insurance coverage was limited to $10,000. They later learned that Stemmerman had $300,000 liability coverage.

The Bockovers submitted their claims by verdict directors patterned after MAI 17.01 and 17.13. To this the Bockovers added MAI 32.22 which submitted the false representation made by Thomson as grounds for avoiding the release. The Notes on Use to MAI 32.22 state that such instruction shall not be given if a plaintiff admits that he gave a release. The Notes conclude by stating "the issues which would otherwise be submitted by this instruction should be added to the plaintiff's verdict director."

The Bockovers contend the Notes on Use to MAI 32.22 required them to add 32.22 to their verdict director without modification. Stemmerman contends that the Bockovers' defense to the signing of the release was not properly submitted because the verdict director omitted two essential elements of fraud, namely, the Bockovers' right to rely on Thomson's representations and the intent of Thomson that the Bockovers rely on his representations. Stemmerman raised these objections in his motion for new trial and the trial court held that the issue of the Bockovers' right to rely upon Thomson's representation was hotly contested and was never admitted or conceded. The court further held that it was error to

---

1. No issue is raised as to whether or not Bockover waived any objection to the dismissal of the three counts by the filing of an amended petition which omitted those counts.

submit the Bockovers' claim of fraudulent representation as the basis for avoiding the release without submitting the issues of the Bockovers' right to rely on the representations and Thomson's intent that the Bockovers would rely thereon. The court granted Stemmerman a new trial.

■■■ The elements of actionable fraud which the Bockovers were required to prove and submit in order to avoid the release are well settled and are stated in *Kestner v. Jakobe*, 446 S.W.2d 188, 193 [1, 2] (Mo.App.1969). These eight elements of course include the speaker's intent that the representations be acted upon and the hearer's right to rely thereon. The Bockovers contend they were not required to modify the verdict director to include these elements because the Notes on Use to MAI 32.22 are to be applied literally and such application requires that issues which would otherwise be submitted by that instruction be added to the plaintiff's verdict director without any change. The Bockovers contend MAI dictates the use of the approved instruction without modification and any modification of MAI 32.22 would have been error.

While it is true that if an MAI instruction is applicable it must be used without modification, this principle does not apply when the MAI fails to specifically set out all facts and issues necessary to authorize a recovery. *Glover v. Missouri Property Insurance Placement Facility*, 676 S.W.2d 66, 69[5] (Mo.App.1984). MAI makes this clear when it states that it may be necessary to modify an instruction to submit an issue which is in dispute but which is usually not disputed and thus is not submitted by the approved MAI. MAI page XCLV (1981).

Here there is no doubt that two of the necessary elements of fraud are not included in MAI 32.22. It is not necessary to decide if the Notes on Use literally require that MAI 32.22 be added to the verdict director because in any event when MAI 32.22 failed to include all of the elements of fraud necessary to submit the issue of the avoidance of the release, it was the Bock-

overs' responsibility to modify the MAI to include the necessary elements which were contested. The trial court found that the issue of the right to rely was hotly contested. It follows that the right to rely was a necessary element to be submitted but it was omitted from the Bockovers' verdict director. The trial court correctly found that the omission of this necessary element constituted prejudicial error which required a new trial. The trial court also correctly found that it was error to omit the element of Thomson's intent that the Bockovers rely on the representation.

■■■ The Bockovers next contend that the court erred in dismissing Count III of their petition for failure to state a cause of action. Count III sought damages for false representations Thomson allegedly made in order to obtain the release. In Count III the Bockovers admit signing the release but allege they did so only as a result of the false representations made by Thomson. *Mackley v. Allstate Insurance Co.*, 564 S.W.2d 634 (Mo.App.1978), recognizes the general rule of contract law which allows one who alleges he has been fraudulently induced to enter into a contract to either stand upon the contract and sue for damages or elect to rescind the contract and sue to have the same cancelled. However, *Mackley* holds that a release is an exception to this general rule and that where a release had been fraudulently obtained, there is no independent cause of action for the fraud practiced in obtaining the release. A release falls within this exception because if the allegation concerning the fraud which induced one to sign the release is true then the release is void both in law and in equity, and in executing the release the party has parted with nothing. The original cause of action remains viable and the release obtained by fraud will not bar that action. Since the underlying cause of action is not extinguished when the release is obtained by fraud, the party giving such release retains his right to recover on the underlying tort as if the release had not been given and therefore suffers no damage as a result of

the fraud. For this reason there is no independent cause of action for fraud practiced in obtaining a release. The trial court correctly dismissed Count III which sought damages for fraud in obtaining a release.

 Bockover next contends the court erred in dismissing Count IV because Count IV pled a cause of action in that it added to the allegations of Count III that the fraud practiced by Thomson was the result of a conspiracy between Thomson, Liberty Mutual and Stemmerman. However, civil conspiracy is not of itself actionable. Rather, some wrongful act must have been done by one or more of the alleged conspirators and the fact of a conspiracy merely bears on the liability of the various defendants as joint tortfeasors. *Royster v. Baker*, 365 S.W.2d 496, 499–500[2–4] (Mo.1963). Thus, the allegations of conspiracy in Count IV added nothing to the count seeking damages for the fraud practiced in obtaining the release, but went only to the joint liability of the parties alleged to have conspired. Therefore, since the underlying count did not state a cause of action, the addition of the allegations that the acts constituting the fraud were the result of a conspiracy could not breathe life into a cause of action which was otherwise nonexistent.

Count V was also based on the fraudulent representation made by Thomson and alleged that such representations were both negligently and intentionally made and were said to have caused the Bockovers severe physical, mental, emotional, and financial distress. The Bockovers described this count as sounding in the tort of outrageous conduct. In *Young v. Stensrude*, 664 S.W.2d 263, 265[3–5][6] (Mo.App.1984), the court held that in an action for negligent or intentional infliction of emotional distress the medically significant test of *Bass v. Nooney Co.*, 646 S.W.2d 765, 772–73[4] (Mo. banc 1983) must be met. This test requires that the emotional distress be medically diagnosable and of sufficient severity so as to be medically significant. Notably absent from Count V is the allegation that the Bock-overs suffered any mental injury which was medically diagnosable and of sufficient severity so as to be medically significant. Absent any allegation of the *Bass* requirement Count V failed to state a cause of action.

The judgment setting aside the jury verdicts and granting a new trial is affirmed.

All concur.