The Honorable Joe Molinaro State Representative 204 Amber Oaks Drive Sherwood, AR 72120
Dear Representative Molinaro:
This is in response to your request for an opinion on the following question:
 1. Can a local government, consistent with the Arkansas Constitution, appropriate and subsequently provide monies to voluntary, non-partisan organizations and/or associations, absent specific contractual obligations for services ordinarily provided as a local government function?
 2. If the opinion rendered in the solution of question #1 is in the affirmative is the aforementioned organization and/or association subject to the provisions of the state freedom of information act, and if so in what particulars? Do the provisions of the freedom of information act apply both in the presence and/or the absence of a contractual obligation?
You state that these questions are asked "in order to ascertain the constitutionality of the expenditure of local government funds for membership in organizations or associations. . . ."
With regard to your first question, please note that I have enclosed a copy of Attorney General Opinion 92-099, which addresses questions surrounding a city's appropriation of funds to a local chamber of commerce. As noted therein, this office has previously concluded that a local government's appropriation of funds, i.e., donation of funds to a private, non-profit corporation or association such as a chamber of commerce is prohibited under Article 12, Section 5 of the Arkansas Constitution, which states that:
 [n]o county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
See Op. Att'y Gen. 92-099 at 2, citing Ops. Att'y Gen. 92-019, 91-191, 91-015, and 88-114. See also Op. Att'y Gen. 96-069 (citing recent Arkansas Supreme Court cases reflecting a restrictive reading of Ark. Const. art. 12, § 5) and Op. 93-274.[1]
With regard, specifically, to a local government's appropriation of monies to purchase membership in a private corporation, association or institution, it was concluded in Opinion 92-099 that this would be prohibited under Article 12, Section 5, as was held in the case of Halbertv. Helena-West Helena Industrial Development Corporation, 226 Ark. 620,291 S.W.2d 802 (1956). See Op. Att'y Gen. 92-099 at 3. It was also concluded in Opinion 92-099 that a local government's payment of dues to a local chamber of commerce on behalf of individual government officials
would be constitutionally suspect unless it was shown that the payment could be considered a reimbursable expense of the official (i.e., the expenditure was in furtherance of the discharge of a duty pertaining to the office), or part of a proper contract supported by adequate consideration. Id. at 6.
As a general matter, therefore, the appropriation of local government funds to a private organization, association or institution, absent a valid agreement for services, is in my opinion subject to challenge under Ark. Const. art. 12, § 5.[2] A contract for services will, I believe, generally withstand challenge if it is supported by adequate consideration and if it is for a public purpose. See generally Chandlerv. Board of Trustees of the Teacher Retirement System of the State ofArkansas, 236 Ark. 256, 365 S.W.2d 497 (1963) (expressing the principle that public funds cannot be appropriated to a private purpose).
In response to your second question involving the Arkansas Freedom of Information Act ("FOIA") (A.C.A. § 25-19-101 et seq.), as noted above, Ark. Const. art. 12, § 5 prohibits local government from obtaining or appropriating money for the various entities listed therein. If a private corporation, association or institution is, nevertheless, in receipt of a donation or if membership dues have nevertheless been paid (see discussion above), then the so-called "public funding" test under the FOIA must be employed.[3] This of course requires a factual review in each instance, recognizing that the mere receipt of public funds is not in itself sufficient to bring a private organization with the FOIA. See,e.g., Op. Att'y Gen. 93-154. As a general matter, however, I believe a good argument will probably exist that the private entity which receives a donation or payment for membership from local government is subject to the FOIA on the theory that it is carrying on public business or is otherwise intertwined with the activities of government. See generallyCity of Fayetteville v. Edmark, 304 Ark. 179, 187, 801 S.W.2d 275
(1990); J. Watkins, The Arkansas Freedom of Information Act 37 (2d ed. 1994); and Ops. Att'y Gen. 96-116 and 96-013. It may reasonably be surmised that the donation or membership dues would in all probability not have been paid unless there was some alignment of governmental operations or functions with the private organization. See generally Op. Att'y Gen. 96-113 (involving certain federal subgrantees). The Arkansas Supreme Court has stated that the FOIA should apply when the government "seeks to conduct its affairs through private entities" for in that situation "it seems clear that those entities are for all practical purposes the government itself." Edmark, 304 Ark. at 187, quoting Watkins, Access to Public Records Under the Freedom of Information Act,
37 Ark. L. Rev. 741, 764 (1984).
It was thus concluded, for instance, in Attorney General Opinion 94-023, that membership dues paid to the Chamber of Commerce by the City of Fort Smith would constitute support of the Chamber by public funds for purposes of the FOIA. See also Op. Att'y Gen. 90-243 (opining that the Batesville Area Chamber of Commerce, which was funded in part by local governments to help promote economic and industrial development, was subject to the FOIA).
With regard to the degree or extent to which the FOIA is applicable, this will require a case-by-case determination based upon the particular facts in each public funding case. A recognized commentator has stated the following in this regard:
 The Court's opinion in [Edmark, supra] suggests rather clearly that a private organization that enjoys only partial financial support from government is only partially bound by FOIA requirements. That is, the act will apply only to records and meetings `relevant to [the] task' for which a private contractor is hired or a nonprofit corporation receives a government grant. . . . As discussed more fully below, only the `governing bodies' of entities covered by the FOIA are required to meet in public. While the board of directors of a private corporation would qualify as a governing body, it must meet publicly only to discuss matters pertaining to the activities for which the corporation receives government funds.
J. Watkins, The Arkansas Freedom of Information Act 41 (2d ed. 1994).
As for the FOIA's applicability in the case of a contractual obligation on the part of the private organization or association, I believe this will depend in the first instance upon the exact nature of the functions or services being performed under the contract. The public funding test, noted above, must be employed in order to determine whether the requisite intertwining is present. As stated above, the mere receipt of public funds will not trigger the FOIA. I have previously opined that when the issue involves services rendered to a county, the FOIA will apply, according to Edmark, supra, if the private organization is providing a service that the county would otherwise provide through county employees. Op. Att'y Gen. 96-123. In determining whether a particular service qualifies, it has been suggested that "the only question seems to be whether government employees conceivably could have done the work."The Arkansas Freedom of Information Act, supra at 39. Each situation will of course vary, highlighting the difficulty of drawing any across-the-board conclusions. It has been stated that the most obvious case of intertwining occurs "when a private entity receives public funds for the general support of activities that are closely aligned with those of government." Id. at 37.
It is apparent from the above discussion that a conclusive answer to your questions requires a case-by-case determination, based upon the particular facts and circumstances in each instance. The foregoing outlines what I believe is the relevant legal framework for the analysis, and will hopefully offer general guidance when addressing specific cases.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] If the particular organization is not a corporation, association or institution, the issue is perhaps less clear because the most recent case law does not address such entities. As noted above, however, the Arkansas Supreme Court is apparently moving toward a stricter construction of art. 12, § 5. It should also be noted that art. 12, § 5 does not prohibit donations to public or governmental entities. See Op. Att'y Gen.95-139.
[2] But see A.C.A. §§ 14-173-101 to -105 (Supp. 1995) (City and County Economic Development Grant Authorization Act). See also Op. Att'y Gen.90-279 (opining that this act is constitutionally suspect).
[3] The FOIA applies not only to governmental entities, but also to nongovernmental or private entities "supported wholly or in part by public funds or expending public funds." A.C.A. § 25-19-103(2).