Brian GETTINGS, Plaintiff/Appellant,

v.

Erik FARR, Joseph Bewig and Tony Shackelford, Defendants/Respondents.

No. ED 77684.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 16, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 5, 2001.

James F. Malone, Paul K. Petraborg, St. Louis, MO, for appellant.

Lawrence R. Smith, St. Louis, for Tony Shackelford.

William P. Grant, Diane M. Monahan, St. Louis, MO, for Joseph Bewig.

LAWRENCE G. CRAHAN, Judge.

Brian Gettings ("Plaintiff") appeals the judgment dismissing his claims against defendants Erik Farr ("Farr"), Joseph Bewig ("Bewig") and Tony Shackelford ("Shackelford") (collectively "Defendants") for failure to state a claim upon which relief can be granted. We affirm in part and reverse and remand in part.

A motion to dismiss for failure to state a claim is solely a test of the adequa-

cy of the plaintiff's petition. We must assume for purposes of that analysis that all of the plaintiff's averments are true and give the plaintiff the benefit of every reasonable inference therefrom. *Murphy v. A.A. Mathews, A Division of CRS Group Engineers, Inc.*, 841 S.W.2d 671, 672 (Mo. banc 1992). No attempt is made to weigh the facts as to whether they are credible or persuasive. Instead, we review the petition to determine whether the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). If the allegations invoke principles of substantive law entitling plaintiff to relief, the petition should not be dismissed. *Industrial Testing Labs, Inc. v. Thermal Science, Inc.*, 953 S.W.2d 144, 146 (Mo.App.1997).

Count I of the petition alleges that Plaintiff was injured when he was struck by an automobile negligently operated by Farr. The three remaining counts further allege that the vehicle driven by Farr was stolen and was being utilized by Farr pursuant to a conspiracy among Farr, Bewig and Shackelford to "unlawfully steal, tamper with and utilize" the stolen vehicle. In separate counts against each defendant, the petition alleges that each defendant "conspired and agreed ... to unlawfully steal, tamper with and utilize" the vehicle and that each defendant did, in fact, steal, tamper with and utilize the vehicle.

Each defendant separately moved to dismiss the counts alleging they were engaged in a conspiracy for failure to state a claim upon which relief can be granted. The trial court sustained the motions. Plaintiff then voluntarily dismissed his negligence claim against Farr without prejudice, rendering the trial court's judgment final for purposes of appeal.

On appeal, Plaintiff urges that the allegations of the petition are sufficient to state a *prima facie* claim for civil conspiracy against all three defendants. Civil conspiracy has long been recognized in Missouri as a predicate for imposing joint and several liability. The principles underlying the doctrine have been summarized as follows:

A civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act, or to use unlawful means to do an act which is lawful. *Royster v. Baker*, Mo., 365 S.W.2d 496, 499(2); *Shaltupsky v. Brown Shoe Co.*, 350 Mo. 831, 168 S.W.2d 1083, 1084(1). Since the primary purpose of a civil conspiracy is to cause injury to another, the gist of the action is not the conspiracy, but the wrong done by acts in furtherance of the conspiracy or concerted design resulting in damage to plaintiff. *Contour Chair Lounge Co. v. Aljean Furniture Mfg. Co.*, Mo.App., 403 S.W.2d 922, 926(1–4); *Rosen v. Alside, Inc.*, Mo., 248 S.W.2d 638, 643(1–5). Strictly speaking, the fact of conspiracy is not actionable, there is no distinct writ of conspiracy, but the action sounds in tort and is in the nature of an action on the case upon the wrong done under the conspiracy alleged. *Byers Bros. Real Estate & Ins. Agency v. Campbell*, Mo.App., 353 S.W.2d 102, 105(1–3); *Stevens v. Rowe*, 59 N.H. 578, 47 Am.Rep. 231. Conspirators are joint tortfeasors and each is jointly and severally liable for all damages naturally flowing from the conspiracy, each defendant is made responsible for the acts of the other in pursuance of the common design. *Wooldridge v. Scott County Milling Co.*, Mo.App., 102 S.W.2d 958, 964(2, 3); 15A C.J.S. Conspiracy s 18. But a conspiracy does not give rise to a civil action unless something is done pursuant to which, absent the conspiracy,

would create a right of action against one of the defendants, if sued alone. *Rosen v. Alside, Inc.*, 248 S.W.2d 638, 643(5); *Darrow v. Briggs*, 261 Mo. 244, 169 S.W. 118, 125(5). 'The fact of a conspiracy merely bears on the liability of the various defendants as joint tortfeasors.' *Royster v. Baker*, 365 S.W.2d 496.c. 500 (2–4.)

*Mills v. Murray*, 472 S.W.2d 6, 12–13 (Mo. App.1971).

A claim for civil conspiracy must establish that: (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) the plaintiff was thereby damaged. *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. banc 1997). A frequent illustration of the theory is the automobile drag race. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 245 (Mo. banc 1984); Restatement (Second) of Torts, Sec. 876(a), Illustration 2 (1977).[1] In this case, Plaintiff alleges an agreement among three persons to steal, tamper with and use an automobile without the owner's consent. This is clearly an unlawful activity. Sec. 569.080, .090 RSMo 1994. Each defendant is alleged to have stolen, tampered with and used the vehicle, which would plainly be acts in furtherance of the alleged conspiracy. Although the precise actions of each individual defendant are not specified in great detail, that is understandable at this early stage of the proceeding. After an opportunity for discovery, Plaintiff presumably will be in a position to plead the specific conduct of each defendant in re-

sponse to a motion to make more definite and certain. Finally, Plaintiff alleges he was injured as the result of the tortious act of one of the conspirators, Farr's negligent driving, committed in pursuance of their common design to use the stolen vehicle without the owner's consent.

Bewig and Shackelford[2] urge that the petition fails to state a claim because the conspiracy alleged was a wrongful act against the owner of the vehicle, not Plaintiff. Because Plaintiff cannot state a claim for tampering, they reason, the allegation of conspiracy "cannot breathe life into a cause of action where one does not exist." *Bockover v. Stemmerman*, 708 S.W.2d 179, 182 (Mo.App.1986). This misperceives the nature of the joint and several liability imposed under a civil conspiracy theory.

It is certainly true that if the underlying wrongful act alleged as a part of a civil conspiracy fails to state a cause of action, the civil conspiracy claim fails as well. *Rice v. Hodapp*, 919 S.W.2d 240, 245 (Mo. banc 1996). This does not mean that the plaintiff must be the object of the conspiracy. Rather, it means the plaintiff must allege and prove that he was damaged as a result of the tortious act of one or more of the alleged conspirators and that the tortious act occurred in pursuance of the conspiracy. *Redd v. Household Fin. Corp.*, 622 S.W.2d 255, 258 (Mo.App. 1981). But Defendants do not claim that Plaintiff failed to state a cause of action for negligence against Farr. Moreover, Plaintiff specifically alleged that the conspiracy included use of the stolen automobile, that Plaintiff was injured as a result of Farr's

---

1. Restatement (Second) of Torts, Sec. 876(a), Illustration 2 provides:

   2. A and B are driving automobiles on the public highway. A attempts to pass B. B speeds up his car to prevent A from passing. A continues in his attempt and the result is a race for a mile down the high-way, with the two cars abreast and both travelling at dangerous speed. At the end of the mile, A's car collides with a car driven by C and C suffers harm. Both A and B are subject to liability to C.

2. Farr did not file a brief in this court.

use of the stolen automobile and that Farr's use of the automobile was pursuant to the conspiracy.

As is apparent from the drag racing example set forth in Restatement (Second) of Torts, Sec. 876a, Illustration 2, *supra*, there is no requirement that the plaintiff be the object of the conspiracy. Nor is there any requirement that the conspiracy specifically contemplate that one of the conspirators will act negligently, resulting in the injury. Rather, under the civil conspiracy theory, the conspiracy gives rise to a mutual agency of each conspirator to act for the others, which makes all conspirators liable for the tortious act of any one of them. Restatement (Second) of Torts, Sec. 876(a), Comment *a.*

Shackelford draws our attention to cases from other states analyzing attempts to impose liability on third parties for actively encouraging drinking and driving or other negligent operation of an automobile. *See, e.g., Cully v. Bianca,* 186 Cal.App.3d 1172, 231 Cal.Rptr. 279 (1986); *Sanke v. Bechina,* 216 Ill.App.3d 962, 160 Ill.Dec. 258, 576 N.E.2d 1212 (1991); *Heick v. Bacon,* 561 N.W.2d 45, 52 (Iowa 1997). These cases do not involve civil conspiracy as the doctrine has been recognized and applied in Missouri. Rather, in these cases the plaintiff was attempting to establish liability based on substantial assistance and encouragement of the negligent conduct causing injury as provided in Restatement (Second) of Torts, Sec. 876(b) and (c). That is not the theory Plaintiff alleged in this case.

■ Shackelford further argues that the petition is fatally defective in that it does not specifically allege that either Bewig or Shackelford were even passengers in the vehicle at the time Plaintiff was injured. Although such an allegation would certainly bolster the allegation that Farr's conduct was in pursuance of the conspiracy, whether Bewig and Shackelford were passengers is not essential to the claim. For example, if the agreement between Farr, Bewig and Shackelford was shown to be that they would jointly steal the car so it would be available for use by any of them for personal errands as the need arose, such use by any of them would be in pursuance of the conspiracy regardless of whether the others happened to be passengers.

■ We hold that Counts III and IV of the petition are sufficient to state a claim for relief against Bewig and Shackelford on a theory of civil conspiracy. Count II, which attempts to hold Farr liable for civil conspiracy, fails to state a claim because Farr can be held directly liable for his own negligence and civil conspiracy does not constitute a separate cause of action against Farr. Accordingly, we affirm the judgment as to Count II, and reverse and remand Counts III and IV for further proceedings consistent with this opinion.

GARY M. GAERTNER, Sr., P.J., DRAPER J., concur.