In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE
ADAM LUEBBERING, et al., ) No. ED109341
 )
 Appellants, )
 ) Appeal from the Circuit Court
 ) of St. Louis County
 vs. ) Cause No. 18SL-CC03493
 )
SHIMIR VARIA, et al., ) Honorable David L. Vincent III
 )
 Respondents. ) Filed: October 5, 2021

 OPINION

 Adam and Stephanie Luebbering (“Appellants”) appeal the trial court’s grant of Lexicon

Relocation, LCC’s (“Respondent”) motion to dismiss. Appellants raise three points on appeal

relating to a forum selection clause incorporated in an agreement between them and Respondent.

Appellants argue the trial court erred in enforcing the forum selection clause and dismissing the

case because: (1) the forum selection clause does not apply to Appellants’ tort claims; (2)

enforcement of the forum selection clause would be unfair; and (3) enforcement of the forum

selection clause would be unreasonable. We reverse and remand.

 I. Factual and Procedural Background

 Appellants purchased a residence located at 611 Southern Hills Drive, Eureka, Missouri

63025 (“Property”) from Shimir and Lori Varias (“Sellers”). Sellers utilized Respondent, a

relocation company, to assist with the sale of the Property. In anticipation of the sale,

 1
Respondent requested a broker’s market analysis and strategy report (“Report”) to be prepared,

which required disclosure of any issues that would affect insurability of the Property. The Report

provided that “Seller indicates there is a spring or drainage issue in the rear yard that they have

had a landscaper remedy.” Two disclosure statements containing information about the condition

of the Property were also provided to Appellants. The first disclosure did not make any mention

of the spring or drainage issues revealed in the Report, and the second disclosure included a

check mark in a box indicating “No” next to inquiries regarding Sellers’ knowledge of “[a]ny

history of flooding, leaking, dampness or water damage” or “any drainage, grading problems or

standing water in or about the property.”

 Appellants made an offer, which was accepted by Sellers. As part of the purchase

transaction, Appellants signed a residential sale contract and a Rider to Home Purchase

Agreement (“Rider”), which includes the following forum selection clause:

 Any dispute arising under or in connection with this Rider and any claim affecting
 its validity, construction, effect, performance or termination (collectively “Claim”)
 shall be resolved exclusively by the Federal or State Courts in the judicial district
 in which Seller has its principal place of business, the jurisdiction of which the
 parties hereby irrevocably submit; provided that if Seller is a party to such Claim,
 the matter shall be resolved exclusively by, as the case may be, (i.) the United States
 District Court, Middle District of Florida, or (ii.) the Circuit Court in and for the
 Fourth Judicial Circuit in and for Duval County, Florida (or Duval County Court,
 if the jurisdiction limits apply), which Courts are within the judicial district in
 which Seller has its principal place of business. Both Buyer and Seller hereby waive
 any rights each may have to request a trial by jury. Further, Buyer expressly rejects
 all mediation, arbitration and other alternative dispute resolution procedures.
 Notwithstanding anything herein to the contrary, Seller has the right to seek
 injunctive relief in the county of jurisdiction in which the Property is located. 1

1
 Although the Rider referred to Respondent as “Seller,” it expressly clarified that Respondent is a relocation
company assisting in the sale of the Property and not the actual owner/seller of the Property. Whether or not
Respondent took ownership of the property has no effect on our analysis.

 2
The closing occurred on June 2, 2017, and Sellers executed the warranty deed conveying the

Property to Appellants.

 On September 13, 2018, Appellants filed suit against Sellers, Respondent, and the

inspection company (“Inspector”) that inspected the Property prior to the sale alleging that

Appellants have not been able to enjoy portions of the Property, namely the basement and the

backyard, and have incurred damages in excess of $25,000. Respondent filed a motion to dismiss

the action against Respondent based on the above outbound forum selection clause. Appellants

filed a response in opposition and argued both that the forum selection clause does not apply

because the claims against Respondent are not related to the Rider itself or the terms therein and

that the forum selection clause is unenforceable because it is unfair and unreasonable. After

hearing arguments, the trial court granted Respondent’s motion to dismiss for lack of personal

jurisdiction holding that the “instant lawsuit is a dispute arising under or in connection with the

Rider” and the forum selection clause was “fair and reasonable.”

 On January 21, 2020, Appellants filed their motion to reconsider the motion to dismiss

and/or for leave to file a first amended petition and add a defendant. The trial court granted

Appellants’ motion. On January 29, 2020, Appellants filed their first amended petition asserting

eight counts: violations of the Missouri Merchandising Practices Act (“MMPA”) against Sellers

and Respondent (Counts I and II); fraudulent inducement against Sellers and Respondent

(Counts III and V); negligent misrepresentation against Sellers and Respondent (Counts IV and

VI); civil conspiracy against Sellers and Respondent (Count VII); and negligence against

Inspector (Count VIII).

 Respondent subsequently filed a second motion to dismiss Appellants’ first amended

petition insisting upon the applicability and enforceability of the forum selection clause

 3
incorporated in the Rider. Appellants did not file a response. After the trial court heard

arguments on the motion to dismiss, it granted Respondent’s second motion to dismiss without

prejudice on October 5, 2020.

 This appeal follows.
 II. Standard of Review

 Our review of a trial court’s order granting a motion to dismiss is de novo. Gibbons v. J.

Nuckolls, Inc., 216 S.W.3d 667, 669 (Mo. banc 2007). “De novo review compels this court to

consider the merits of the motion to dismiss under the same standard applied by the trial court

when considering the issue.” Mosley v. English, 501 S.W.3d 497, 503 (Mo. App. E.D. 2016).

 III. Discussion

Certification under Rule 74.01(b)

 Before addressing the merits of Appellants’ appeal, we must first determine whether we

have jurisdiction to review this appeal. See Wilson v. City of St. Louis, 600 S.W.3d 763, 765

(Mo. banc 2020). “For this Court to have jurisdiction, the judgment entered by the circuit court

and appealed by the parties must have been a ‘final judgment’ as that phrase is used in section

512.020(5).”2 Id. A final judgment eligible for appeal must: (1) be a “judgment” that resolves at

least one claim in a lawsuit and establishes the rights and liabilities of the parties with respect to

that claim and (2) must be a “final” judgment in that it resolves all claims against all parties or

because it is eligible for certification as “final” under Rule 74.01(b).3 Id. at 771; Energy Mkt.

709, LLC v. City of Chesterfield, 614 S.W.3d 643, 648 (Mo. App. E.D. 2020). For purposes of §

512.020(5), a judgment is eligible for certification under Rule 74.01(b) only if it disposes of a

“judicial unit” of claims by either disposing of all claims by or against at least one party or it

2
 All statutory references are to Mo. Rev. Stat. Cum. Supp. 2018.
3
 All rule references are to Missouri Supreme Court Rules (2018).

 4
disposes of one or more claims that are sufficiently distinct from the claims that remain pending

in the trial court. Energy Mkt. 709, LLC, 614 S.W.3d at 648. “If a judgment is eligible for

certification under Rule 74.01(b), the trial court may exercise its discretion to certify the

judgment if it expressly finds in its certification that ‘there is no just reason’ for delaying appeal

of the judgment until dispositions are reached on the remaining claims.” Id.

 Appellants filed a notice of appeal on November 13, 2020. On December 15, 2020,

Respondent filed a motion to dismiss the appeal for lack of jurisdiction on the grounds that the

judgment entered in October of 2020 was not a final judgment. Appellants, subsequently, filed

their legal file and suggestions in opposition to the motion to dismiss the appeal. On February 5,

2021, prior to our Court issuing an order determining whether the appeal should be dismissed,

the trial court entered an order and amended judgment stating that it was granting Appellants’

motion to revise the judgment and that the dismissal of the claims against Respondent “is

ordered amended to include an express determination that there is no just reason for delay,

pursuant to Rule 74.01(b).” Even though the trial court determined that there was no just reason

for delay and designated its judgment as a final judgment for purposes of appeal pursuant

to Rule 74.01(b), we must, nonetheless, determine whether the designation was proper.4 See

Columbia Mut. Ins. Co. v. Epstein, 200 S.W.3d 547, 550 (Mo. App. E.D. 2006).

 There is no dispute that the trial court’s decision is a “judgment.” As a result, we now

determine if the judgment is final and eligible for certification under Rule 74.04(b). On appeal,

4
 On February 9, 2021, our Court issued an ordered stating:

 It now appears there is a final, appealable judgment from which Appellants may seek relief.
 However, the jurisdictional question regarding whether the trial court’s certification of the
 case under Rule 74.01(b) was proper is taken with the case. The parties are directed to
 address the issue further in the jurisdictional portion of their briefs.

 5
Appellants argue that the trial court’s judgment as amended is a final appealable judgment that

disposed of a judicial unit, thus certification was proper. Respondent contends that certification

was improper because Appellants’ civil conspiracy count demonstrates the intertwined nature of

the litigation against Respondent and Sellers and, thus, the trial court could not adjudicate a

distinct judicial unit of claims.

 Civil conspiracy is defined as “an agreement between at least two persons to do an

unlawful act, or to use unlawful means to do an act which is lawful.” Hibbs v. Berger, 430

S.W.3d 296, 320 (Mo. App. E.D. 2014) (quoting Blaine v. J.E. Jones Constr. Co., 841 S.W.2d

703, 713 (Mo. App. E.D. 1992)). “The tort of civil conspiracy does not exist in its own right;

rather, it acts to hold the conspirators jointly and severally liable for the underlying act.”

Williams v. Bayer Corp., 541 S.W.3d 594, 612 (Mo. App. W.D. 2017) (internal quotations and

citation omitted). Although conspirators are joint tortfeasors jointly and severally liable, each

defendant is made responsible for the acts of the other done in pursuance of the common design

of the conspiracy. Envirotech, Inc. v. Thomas, 259 S.W.3d 577, 586 (Mo. App. E.D. 2008);

Gettings v. Farr, 41 S.W.3d 539, 541 (Mo. App. E.D. 2001).

 An action stemming from the same event and naming several parties as defendants will

undoubtedly rely on the same facts, and the evidence supporting those claims will be similar.

However, this does not preclude a court from certifying the judgment for immediate appeal

under Rule 74.01(b); it is possible for a judgment to be eligible for certification if it resolves all

claims by or against at least one party, even though the claims it resolves are not distinct from

(and may, in fact, be closely intertwined with) the claims still pending in the trial court. Wilson,

600 S.W.3d at 771–72. The key is that such a judgment must be “final” in some sense. Id. at 769.

 6
 In the present case, the trial court dismissed all claims against Respondent. Simply

because the civil conspiracy count names both Respondent and Sellers does not mean that

Respondent needs to be joined in the action in order for Appellants to hold all of the named

conspirators liable. A conspiracy merely creates joint and several liability for the defendants and

“does not give rise to a civil action unless something is done pursuant to which, absent the

conspiracy, would create a right of action against one of the conspirators.” Gettings, 41 S.W.3d

at 541–42 (emphasis added) (internal quotations and citation omitted). Consequently, all the

conspirators need not be joined in an action for damages caused by their wrongful act; an action

may be maintained against but one. Envirotech, Inc., 259 S.W.3d at 586. That is because “the

gist of the action is not the conspiracy, but the wrong done by acts in furtherance of the

conspiracy or concerted design resulting in damage to plaintiff.” Gettings, 41 S.W.3d at 541

(internal quotations and citation omitted). Thus, Appellants can pursue their claim against

Respondent and Sellers separately. For this reason, the civil conspiracy claim against Respondent

is not so intertwined that it precludes the trial court from disposing of a judicial unit of claims.

 Therefore, the judgment was eligible for certification under Rule 74.01(b) because it is

final with respect to a judicial unit of claims in the lawsuit and resolves all of the claims in the

lawsuit from the point of view of Respondent, even though other claims by or against other

parties remain at the trial court level. See Wilson, 600 S.W.3d at 769.

 Accordingly, the trial court’s certification was proper, and thus we review Appellants’

points on appeal.

 7
Forum Selection Clause

 Appellants first argue that the trial court erred because the outbound forum selection

clause does not apply to their tort claims against Respondent. They contend the forum selection

clause does not include precise language requiring tort claims to be litigated in the contractually

selected forum. Appellants argue their tort claims are not disputes “arising under or in

connection with” the Rider, nor do the claims affect the Rider’s “validity, construction, effect,

performance or termination.”

 To determine if a forum selection clause that applies to contract actions also extends to

non-contract claims depends on whether resolution of the claims relates to interpretation of the

contract. Major v. McCallister, 302 S.W.3d 227, 231 (Mo. App. S.D. 2009). Contrary to

Respondent’s assertions, the language itself – “[a]ny dispute arising under or in connection with

this Rider”– is not sufficient to expressly encompass tort claims. Nor do Appellants’ claims

(violation of the MMPA, fraudulent inducement, negligent misrepresentation, and civil

conspiracy) relate to interpretation of the language of the Rider. Appellants’ claims do not affect

the validity, construction, effect, performance or termination of the Rider, as Respondent

contends. Rather, resolution of Appellants’ claims depends only on interpretation of the Report

Respondent ordered5 and disclosures made in that Report prior to signing the sale agreement and

the Rider. Specifically, the amended petition references the Report, which provided that “there is

a spring or drainage issue in the rear yard that they have had a landscaper remedy” as well as the

two disclosures indicating Sellers had no knowledge of any history of “flooding, leaking,

dampness, or water damage” or “drainage problems or standing water in or about the property.”

Appellants’ allegations in the amended petition center upon their reliance on the representation

5
 The Report listed Respondent as the entity that requested the Report.

 8
made in those documents—not the Rider itself or the terms therein. The existence of a forum

selection clause in a contract that requires contractual disputes to be litigated in a specific forum

does not control the forum for tort claims between the same parties. See Service Vending Co. v.

Wal–Mart Stores, Inc. 93 S.W.3d 764, 768 (Mo. App. S.D. 2002).

 Thus, we find that the language in the forum selection clause incorporated in the contract

between the parties is not specific enough to encompass the tort claims alleged by Appellants.

Point I is granted. Because the forum selection clause does not apply to the claim at issue, we

need not address whether it would be unfair or unreasonable to enforce that clause, as argued in

Points II and III.

 IV. Conclusion

 We find that the forum selection clause incorporated in the Rider is not sufficiently

specific to encompass a tort claim and does not apply to the claims against Respondent.

Therefore, we reverse, and the case is remanded for further proceedings consistent with this

Opinion.

 _______________________________
 Colleen Dolan, J.

Philip M. Hess, P. J., concurs.
Angela T. Quigless, J., concurs.

 9